## UNITED STATES v. ONE FLOATING FISH TRAP.

First Division. Ketchikan. August 28, 1925.

No. 837–KA.

**1. Forfeitures** ⬤⟿7—Effect.

It is well settled that, when a statute declares that an offending thing shall be forfeited to the United States for violation of the statute, the right to the thing so offending passes immediately to the United States on the commission of the offense.

**2. Forfeitures** ⬤⟿7—Fish Traps Forfeited for Violation of Fishing Laws.

By the settled doctrine of this court, whenever a statute enacts that, upon the commission of a certain act, specific property used in or connected with that act shall be forfeited, the forfeiture takes effect immediately upon the commission of the act. The right to the property then vests in the United States, although their title is not perfected until judicial condemnation. The forfeiture constitutes a statutory transfer of the right to the United States at the time the offense is committed, and the condemnation, when obtained, relates back to that time, and avoids all intermediate sales and alienations, even to purchasers in good faith.

**3. Admiralty** ⬤⟿4—Fish ⬤⟿16—Exception to Libel, That It Does Not State the Place of Seizure, Sustained.

This action is on the admiralty side of the court, in the nature of a libel of information. The trap is a floating trap; the offense was committed on the tidal waters of the United States, and within the admiralty jurisdiction of the court. Admiralty rule 21 provides that all informations and libels of information upon seizures for any breach of the revenue or navigation or other laws of the United States shall state the place of seizure, whether it be on land, or on the high seas, or on navigable waters within the admiralty and maritime jurisdiction of the United States and the district within which the property is brought and where it then is. *Held*, the court has no option but to sustain the exceptions to the libel, for the reason that the libel does not contain the requisites provided for by admiralty rule No. 21.

**4. Fish** ⬤⟿16—Admiralty—Sales—Words and Phrases.

The true construction of the phrase, in section 6 of an act for the protection of the fisheries of Alaska, and for other purposes, approved June 6, 1924 (48 USCA § 226 [U. S. Comp. St. § 3622¼c]), that "every boat," etc., "shall be forfeited to the United States and shall be seized and sold under the direction of the court in which the forfeiture is declared," is that the seizure contemplated is an executive seizure, and the phrase "under the direction of the court" means that only the sale shall be made under the direction of the court.

⬤⟿See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**5. Admiralty ⚙️➡️23—Executive Seizure Necessary Prior to Filing Libel in Admiralty.**

> In admiralty, and in cases of revenue, customs, and navigation laws, an executive seizure prior to the filing of the libel of information for condemnation is necessary.

. A libel was filed by the United States attorney on the 18th day of July, 1925, in the nature of an information for the condemnation and sale of one floating fish trap, license No. 25–427, known as the A. & P. Products Corporation trap No. 6, its lead, etc., and thereupon a monition and attachment was issued and the trap seized by the United States marshal on the same day. On July 20th the A. & P. Products Corporation filed its claim of ownership and moved for the release of the trap on bond. It was thereupon agreed between the United States attorney and the claimant that the value of the trap is $3,000, and the motion for release was granted; and the trap and its apparel released from custody of the marshal, upon stipulation being given by the claimant in the amount of its appraised value. Contemporaneously with the motion for release, the claimant filed its exceptions to the libel, and it is these exceptions which are now before me for consideration.

The claimant contends, by its exceptions, that this court has not jurisdiction to order the condemnation and sale of the trap when there are no averments in the libel of the place of seizure or that its seizure was ever made, or that a good and subsisting seizure was in esse at the time of the filing of the libel, and further that the libel itself does not state facts sufficient to constitute a cause of action.

A. G. Shoup, U. S. Atty., of San Jose, Cal.
Lester O. Gore, of Ketchikan, for claimant.

REED, District Judge. The libel alleges a violation of a fisheries law of the Congress of the United States, applicable to Alaska, in that between 6 o'clock post meridian of Saturday, July 11, 1925, and 6 o'clock ante meridian of Monday, July 13, 1925, to wit, on Saturday, July 11, 1925, on the west side of Cleveland Peninsula, southeastern Alaska, about one mile south of the light on Meyers Island, in the First division of the district of Alaska, within the jurisdiction of this court, the said

one floating fish trap, license No. 25–427, known as the A. & P. Products Corporation trap No. 6, its lead, hearts, pots, spillers, nets, webbing, house, winches and other gear and equipment thereon, was then and there employed to fish and did then and there fish for salmon fish for commercial purposes, and not for local food requirements, or for use as dog feed, in the waters of Alaska over which the United States has jurisdiction, to wit, the waters aforesaid, without having the gate, mouth, or tunnel of said floating fish trap closed, and without having 25 feet of the webbing or net of the heart of said floating fish trap, on each side thereof next to the pot, lifted or lowered in such a manner as to permit the free passage of salmon and other fishes, contrary to the form of the statutes in such cases made and provided.  (2) That by reason of the premises aforesaid the aforesaid floating fish trap, its lead, etc., are subject to seizure and forfeiture to the United States.  The libel concludes with a prayer that a monition issue against said fish trap, etc., and that the same be condemned as forfeited according to the statutes and acts of Congress in that behalf.

The question raised by the exceptions is whether prior seizure of the res is necessary in admiralty for the condemnation and sale of a floating fish trap, forfeited to the United States under the Act of Congress of June 6, 1924 (48 USCA §§ 221–228, 232–234 [U. S. Comp. St. §§ 3622¼–3632]), entitled "An act for the protection of the fisheries of Alaska, and for other purposes."  The point raised by the exceptions is extremely technical, and is based upon the interpretation of the Fisheries Act of June 6, 1924, and the rules and practice of admiralty. It has been ably argued by the proctors on both sides, and many authorities have been cited in favor of the contention of the parties.  The United States claims that an action for forfeiture may be brought by the United States without a previous seizure of the res, and maintains that the true construction of the statute of June 6, 1924, is that the seizure should be made under the direction of the court, and that therefore it is contemplated that the court having jurisdiction should order the seizure. Thus it would be necessary to have the libel filed before such order could be made.  The contention of the claimant is that, under the admiralty rules of the Supreme Court, in cases of informations and libels of information, it is necessary that a prior executive seizure be had to enable the court to take jurisdiction.

The section of the statute alleged in the information to have been violated is section 5 of the Act of Congress of June 26, 1906, as amended by the Act of June 6, 1924 (48 USCA § 234 [U. S. Comp. St. § 3632]), and reads as follows:

"Sec. 5. That it shall be unlawful to fish for, take, or kill any salmon of any species in any manner or by any means except by hand rod, spear, or gaff for personal use and not for sale or barter in any of the waters of Alaska over which the United States has jurisdiction, from six o'clock post meridian of Saturday of each week until six o'clock ante meridian of the Monday following. * * * Throughout the weekly closed season herein prescribed the gate, mouth, or tunnel of all stationary and floating traps shall be closed, and twenty-five feet of the webbing or net of the 'heart' of such traps on each side next to the 'pot' shall be lifted or lowered in such manner as to permit the free passage of salmon and other fishes."

By section 6 of the Act of June 6, 1924 (48 USCA § 226 [U. S. Comp. St. § 3622¼c]), it is provided that, in addition to the penalties of fine and imprisonment for violation of the act:

"Every boat, seine, net, trap, and every other gear and appliance used or employed in violation of this act or in violation of said act approved June 26, 1906, and all fish taken therein or therewith, shall be forfeited to the United States, and shall be seized and sold under the direction of the court in which the forfeiture is declared, at public auction, and the proceeds thereof, after deducting the expenses of sale, shall be disposed of as other fines and forfeitures under the laws relating to Alaska. Proceedings for such forfeiture shall be in rem under the rules of admiralty."

Section 14 of the Act of June 26, 1906 (48 USCA § 242 [U. S. Comp. St. § 3643]), which appears to be still in force, provides:

"That the violation of any provision of this act may be prosecuted in any district court of Alaska or any District Court of the United States in the states of California, Oregon, or Washington. And it shall be the duty of the Secretary of Commerce to enforce the provisions of this act and the rules and regulations made thereunder. And it shall be the duty of the district attorney to whom any violation is reported by any agent or representative of the Department of Commerce to institute proceedings necessary to carry out the provisions of this act."

It thus appears, by section 6 of the act of 1924, that every boat, seine, trap, and every other kind of gear or appliance used or employed in the violation of that act, or of the Act of June 26, 1906, and all fish taken therein or therewith, shall be for-

7 A.R.—22

feited to the United States, and that by the Act of June 26, 1906, it is made the duty of the Secretary of Commerce to enforce the provisions of the act, and that any violation of the act may be prosecuted in any district court of Alaska or the United States District Courts of California, Oregon, and Washington. It is well settled that, when a statute declares that an offending thing shall be forfeited to the United States for violation of the statute, the right to the thing so offending passes immediately to the United States on the commission of the offense. In the case of United States v. Stowell, 133 U. S. 1–16, 10 S. Ct. 244, 247, 33 L. Ed. 555, the court say:

"By the settled doctrine of this court, whenever a statute enacts that upon the commission of a certain act specific property used in or connected with that act shall be forfeited, the forfeiture takes effect immediately upon the commission of the act; the right to the property then vests in the United States, although their title is not perfected until judicial condemnation; the forfeiture constitutes a statutory transfer of the right to the United States at the time the offense is committed; and the condemnation, when obtained, relates back to that time, and avoids all intermediate sales and alienations, even to purchasers in good faith."

The trap in this case, if the allegations of the libel are true, was forfeited to the United States on Saturday, July 11, 1925, and the libel for condemnation was not filed before the court until July 18th following. Therefore, at the time of the filing of the libel, there had been a statutory forfeiture and transfer of the right to the trap to the United States, and, if taken in possession by an agent of the United States, all that would be required of the United States would be condemnation and sale under the rules of admiralty.

This section is on the admiralty side of the court, in the nature of a libel of information. The trap is a floating trap; the offense was committed on the tidal waters of the United States and within the admiralty jurisdiction of the court. Admiralty rule No. 21 provides that all informations and libels of information upon seizures for any breach of the revenue or navigation or other laws of the United States shall state the place of seizure, whether it be on land, or on the high seas, or on navigable waters within the admiralty and maritime jurisdiction of the United States and the district within which the property is brought and where it then is.

This being an admiralty case and the locus of the property

being within the admiralty jurisdiction of the United States, I feel that this court is bound by the rules promulgated by the Supreme Court, and that it has no option but to sustain the exceptions to the libel, for the reason that the libel does not contain the requisites provided for by admiralty rule No. 21.

The United States attorney, however, contends that under the phraseology of section 6 of the statute, providing for forfeiture and sale, the seizure should be made under the direction of the court. The phrase is that:

"Every boat," etc., "shall be forfeited to the United States and shall be seized and sold under the direction of the court in which the forfeiture is declared."

And the contention is made that this phraseology imports that the seizure should be made under the direction of the court, and. as authority for such construction the United States attorney cites the case of United States v. George Spraul & Co. (C. C. A.) 185 F. 405. That case arose under the Food and Drugs Act of June 30, 1906, and the statute, by section 10 (21 USCA § 14), did not provide for absolute forfeiture of the adulterated article, but that it shall be liable to be proceeded against in any District Court of the United States where the same is found and seized for confiscation by process of libel for condemnation, and that the proceedings for libel shall conform, as near as may be, to the proceedings in admiralty.

The difference between the two statutes is evident. In the foods and drugs statute, no forfeiture was expressly provided for or declared. On the contrary, that statute declares that adulterated goods shall be liable to be proceeded against and seized for confiscation by process of libel for condemnation. In the statute before us the forfeiture is expressly declared, and it is further provided that the offending article shall be seized and sold under the direction of the court, and that the proceedings shall be in conformity with the rules of admiralty. It is to be presumed that Congress was acquainted with the rules of admiralty, including rule No. 21, providing for informations and libels of information for forfeiture. This rule has been in force as rule No. 21 of admiralty for a great many years, and it must have been within the purview of Congress when it directed that proceedings for condemnation should be under the rules of admiralty; that is, having in view admiralty rule No. 21, which was especially applicable to informations

covering cases of forfeitures. The true construction of the phrase in the statute referred to, in my view, is that the seizure contemplated is an executive seizure, and the phrase "under the direction of the court" means that only the sale shall be made under the direction of the court.

As to whether there is any provision in the statute for an executive seizure, it will be seen that the act of 1906 provides that the Secretary of Commerce shall enforce the provisions of the act. This unquestionably gives the Secretary of Commerce authority to make executive seizures.

The question whether an executive seizure is necessary to give the court jurisdiction in admiralty cases has been discussed many times before the federal courts of the United States, and it has been invariably held that in admiralty, and in cases of revenue, customs, and navigation laws, an executive seizure prior to the filing of the libel of information for condemnation is necessary. It is hardly necessary to cite authorities. They are compiled in 25 C. J. p. 1173, and in 12 R. C. L. 129. It further seems to me that the view of the statute that a seizure should be made before filing the libel is the more reasonable view for the proper enforcement of the statute. It will be noted that boats, seines, traps, fish, and other transitory property or perishable property is authorized to be taken. If it were necessary first to obtain the order of the court for attachment before seizure, such article could be removed without the jurisdiction where the libel may be filed, and the statutory forfeiture declared would therefore become ineffectual. It is needless, however, to discuss the question further, for the reason that I feel bound by admiralty rule No. 21, although it may be said that there are additional reasons, based upon the statute itself, that confirm the conclusion that the exception is well taken.

Ten days will be allowed the libelant to amend the libel, in default of which the libel will be dismissed.